DELLA ISNARD, *Appellee,* v. THE EDGAR ZINC
COMPANY, *Appellant.*
No. 16,335.

Appeal from Montgomery district court. Opinion
on rehearing, filed October 8, 1910. First opinion (*Is-
nard v. Edgar,* 81 Kan. 765) affirmed.

*O. P. Ergenbright,* for the appellant; *Stanford &
Stanford,* of counsel.

*S. D. Bishop, A. C. Mitchell, T. E. Wagstaff,* and *E.
H. Chandler,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: It is strenuously contended on the re-
argument of this case that the special findings of the
jury are at variance with the general verdict—that such
findings acquit the defendant of any negligence in main-
taining and permitting to be used the gas pipe from the
leaking of which the explosion occurred. Particular
attention is called to special findings of the jury num-
bered 18 to 35, inclusive, all of which relate to the pipe
in which the leakage occurred. These findings are in
the main to this effect: That the pipe was new, appar-
ently in good condition, and free from rust when it was
laid in the ground, about the year 1902, and continu-
ously thereafter carried gas under a five-pound pres-
sure, and none of the officers of the company had at any
time known of any escape of gas therefrom; also, that
a gas pipe of the size of this one, new when laid in the
ground, will ordinarily remain sound and capable of
carrying gas under a five-pound pressure for a longer
time than had this one. It is especially urged that
finding No. 31 is inconsistent with the general verdict.
It reads:

"State if, after the said ¾-inch gas pipe referred to
in question 18 had been laid in the ground by defend-

ant, anything had occurred to cause defendant to suspect that said pipe was in any way defective. Ans. No."

It appears that the jury were not asked to designate, in case they found for the plaintiff, the act, or omission to act, upon which they based the conclusion that the defendant's negligence was the cause of the calamity. Under the instructions of the court the jury must have found the defendant guilty of such negligence as a prerequisite to a verdict for the plaintiff. Question No. 31 was evidently answered with reference to the particular pipe from which the leakage occurred, and to which also several preceding and following questions related.

The company's engineer in charge testified, in substance, that it became necessary to encase, and he did encase with cement, all the gas pipes of the company in the immediate locality of the one in question, but that he overlooked and had forgotten the existence of this pipe, and hence did not encase it with cement. This was before the building which was demolished by the explosion was erected. There is nothing in the evidence to indicate that the engineer, or any officer of the company, thereafter knew of the existence of the pipe in question until this explosion occurred.

It is evident then that the jury answered question No. 31 in the only way it could be answered. It seems that nothing could occur to cause the defendant to suspect that such pipe was in any way defective so long as the defendant was unaware of its existence. Apparently the fact of its existence was recalled to mind by the explosion which demolished the building and caused the death of the plaintiff's husband.

The engineer's evidence was uncontradicted, and indicates that he considered it dangerous to erect a building over the pipe in question. After he had testified that he had overlooked and forgotten the laying of this particular pipe, he was asked if otherwise he would have encased it before erecting the building over it.

He said he would not, but would have torn it out, indicating that he would not have regarded it safe to build over it even if it had been encased.

The jury had a right to rely upon this evidence, and, if convinced thereby, to find the defendant guilty of negligence, as indicated by their general verdict. The special findings and the general verdict, as we have seen, are not inconsistent, and we abide by our former decision.